DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 439353)
Chief, Criminal Division

PHILIP J. KEARNEY (CABN 114978)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7023
    Fax: (415) 436-7234
    philip.kearney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 19-00157 HSG |
| Plaintiff, | ) |
| v. | ) UNITED STATES' SENTENCING |
| | ) MEMORANDUM |
| SANDFORD BEMI FAISON, | ) |
| | ) Date: August 26, 2019 |
| Defendant. | ) Time: 2:00 p.m. |
| | ) Court: Hon. Haywood S. Gilliam |
| | ) |

## INTRODUCTION

On June 7, 2019, Sandford Bemi Faison pled guilty to the sole count of his Indictment alleging a violation of 18 U.S.C. §§ 229(a)(1) and (a)(2) (Attempt to Acquire a Chemical Weapon). The plea was made pursuant to written agreement according to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. For the reasons set forth below, the Government requests that the Court impose the

following sentence: (1) a prison sentence at the high end of the applicable guideline range, namely 71 months; (2) five years of supervised release with the conditions and recommendations set out in the Presentence Investigation Report ("PSR"); and (3) a $100 mandatory special assessment. The United States seeks an upper guideline range sentence because of the severity and calculated nature of the offense. Such a sentence would be sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. §3553(a).

## DISCUSSION

A. <u>The Offense Conduct and Procedural History</u>

The government adopts the factual and procedural statements made in the PSR ¶¶ 1-12.

B. <u>The Legal Standard at Sentencing</u>

Under Ninth Circuit case authority, the Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct Guidelines range. *Id.*

Although the Guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *United States v. Rita*, 127 S. Ct. 2456, 2464 (2007). The Guidelines range will be the starting point and the initial benchmark for the sentence. *Carty*, 520 F.3d at 991. The Court should keep the Guidelines range in mind throughout the process, allow the parties to argue for a sentence they believe is appropriate, and consider the factors identified in 18 U.S.C. § 3553(a). *Id.*

Rule 11(c)(1)(C) permits the defendant and the prosecutor to agree that a specific sentence is appropriate, but that agreement does not discharge the district court's independent obligation to exercise its discretion. *Freeman v. United States*, 564 U.S. 522, 529 (2011). If the Court imposes a sentence outside the Guidelines range, it should ensure that its justification for deviating from the range is sufficiently compelling to support the degree of variance in the sentence that it imposes. *Carty*, 520

F.3d at 991. The Court should make an individualized determination based on the facts of each case. *Id*. The Court, however, is not required to raise every possible relevant issue sua sponte. *Id*.

C. <u>The Correct Guidelines Range is 57-71 Months</u>

1. The Guidelines Calculation

The government concurs with the Probation Officer's determination of the applicable sentencing guideline range in this case. PSR at ¶¶ 23-33. The government believes that the following Sentencing Guidelines calculation is correct:

| | |
|---|---:|
| a. Base Offense Level: U.S.S.G. § 2M6.1(a)(2): | 28 |
| b. Acceptance of Responsibility: U.S.S.G. § 3E1.1(a) | -2 |
| c. Acceptance of Responsibility: U.S.S.G. § 3E1.1(b) | -1 |
| d. Adjusted Offense Level: | 25 |

2. The Defendant's Criminal History Category is CHC I

The government agrees that the defendant's criminal history score of zero yields a Criminal History Category of I. (PSR ¶¶ 37-38.)

3. The Correct Guidelines Range is 57-71 Months

The applicable Guidelines Range for Offense Level 25 and Criminal History Category I is 57-71 months. *See* U.S.S.G. § 5A (Sentencing Table). Because the Guidelines Range is in Zone D, the minimum term of a Guideline sentence must be satisfied by a sentence of imprisonment. U.S.S.G. § 5C1.1(f).

D. <u>A Sentence of 71 Months Satisfies the Statutory Factors Set Forth in § 3553(a)</u>

18 U.S.C. § 3553(a) directs the Court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth therein. The enumerated 3553(a) factors warrant a lengthy sentence of incarceration, including the need to consider the nature and circumstances of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes from the defendant. *See* 18 U.S.C. 3553(a)(2)(A)-(C). The conduct at issue in this case is both shocking in its purpose and shameless in its undertaking. The defendant, in a premeditated, and detached, almost

analytical fashion, attempted to obtain a horribly toxic chemical for surreptitious use against the mother of his children. He took precautionary and purposeful steps to avoid legal responsibility for his crime including, conducting his transaction in an anonymous portion of the Internet, using an alias, encrypted messaging, cryptocurrency, a 'cut-out' or innocent third party to take initial possession of the purported chemical, and a 'drop' address.

As noted above, Defendant's sentence at the high end of the applicable guideline range would consequently take into account the need to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

The government further notes that but for the determined actions of law enforcement, the defendant's illegal plan might have come to fruition. As set forth below, the government believes that a sentence of 71 months is sufficient, but not greater than necessary, to comply with the statutory sentencing objectives in this case.

## CONCLUSION

For the reasons set forth above, as well as those set forth in the PSR, the government respectfully requests that the Court sentence the defendant to a term of 71 months of imprisonment, followed by a 5 year term of supervised release, and the eleven additional recommended conditions outline in the PSR[1] including but not limited to a non-contact order with the intended victim, restricted and supervised use of computers and computer-related devices, a search condition, and mental health counselling.

DATED: August 16, 2019          Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
PHILIP J. KEARNEY
Assistant United States Attorney

---

[1] Sentencing Recommendation, pages 3-4.